## Lake Heritage Property Owners Association Inc. v. Bartell

*Debra P. Fourlas,* for plaintiff.
*Walton V. Davis,* for defendant.

SPICER, *P.J.,* May 11, 1992—Plaintiff, a non-profit corporation, sues for membership and guest dues and tenant fees. Its request for attorney's fees of 20 percent has attracted preliminary objections.

We deal with an amended complaint, filed by stipulation after preliminary objections were filed to the original. The sole issue presented concerns the authority of plaintiff's board of directors to impose and collect attorney's fees on delinquent accounts.[1]

The right to recover attorney's fees from one's opponent as part of costs did not exist at common law. 20 Am. Jur. 2d *Costs* §72. Supreme Court has stated, "The settled law of this Commonwealth is that attorney's fees are recoverable from an adverse party to a cause only when provided for by statute, or when

---

1. Defendant has not argued other issues raised in preliminary objections, including a possible objection based on usury. We consider such objections withdrawn. Even if not, they clearly lack merit.

clearly agreed to by the parties." *PennDOT v. Manor Mines Inc.,* 523 Pa. 112, 122, 565 A.2d 428, 433 (1989). The Judicial Code deals generally with this subject and provides that such fees are not recoverable except in ten described situations. 42 Pa.C.S. §2503. None of the first nine exceptions apply to this case.

The tenth provision refers to specific authorization in other statutes. Plaintiff argues that the Association Code, 15 Pa.C.S. §5544(c) impliedly provides such authority by authorizing bylaws necessary to enforcement of collection of dues and assessments.

The legislature has manifestly, not specifically, authorized imposition or collection of attorney's fees by this provision. The question is whether these provisions, combined with deed covenants, justify finding an agreement. The situation is unlike the Uniform Condominium Act, 68 Pa.C.S. §3315(f),[2] where provisions directly deal with such fees. There are other instances in which the legislature has specifically addressed the topic and has not been loathe to specific the "A" phrase. See e.g. 41 P.S. §406. It is clear the legislature knows how to be specific, and it can be argued that, by failing to specifically provide for attorney's fees, it did not intend to authorize them.

We cannot accept this argument since there are cases in which the right to collect fees has been recognized. *Wrenfield Homeowners Association Inc. v. DeYoung,* 410 Pa. Super. 621, 600 A.2d 960 (1991). However,

---

2. This section reads "a judgment or decree in any action or suit brought under this section includes costs and reasonable attorney's fees for the prevailing party." No action by a board of directors is required, since liability for fees is established as a matter of law.

as illustrated by that case, collection has proceeded on agreement, not mere passage of a bylaw. The question remains whether a clear agreement can be based upon the allegations of the amended complaint, as required by *PennDOT v. Manor Mines Inc., supra.*

Defendant argues that the amended complaint fails to allege sufficient facts from which an agreement can be found. He contrasts the record in *Wrenfield Homeowners Association Inc. v. DeYoung, supra*, with the one at bar. We will, then, briefly examine that case.

The DeYoungs purchased a townhouse in Wrenfield, a planned residential development in Montgomery County. By purchasing they became bound by recorded "declarations of covenants, easements and restitutions." Part of this declaration authorized the association to collect delinquent assessments and "costs of collection." *Wrenfield* at 627, 600 A.2d at 962.

Superior Court interpreted this quoted phrase as authorizing imposition of reasonable attorney's fees.

Defendant argues that *Wrenfield* requires such a statement as a part of recorded covenants to sustain an agreement. Since our recorded covenants and/or conditions say nothing other than that defendant agreed to abide by the rules and regulations of the association, defendant argues that an agreement to pay counsel fees cannot be clearly found.

Defendant has not challenged plaintiff's power to assess fees, dues and charges, nor his obligation to pay whatever has been established. There is recent authority which, although not precisely on point, supports the association's powers to establish and collect charges. *Lacovey v. Lake Heritage Property Owners*

*Association Inc.,* 33 Adams Leg. J. 115 (1990). It would seem logical, given the nature of the homeowners' association and its membership, that no real distinction should be drawn between one kind of liability and another, as long as both are reasonable. As in *Wrenfield Homeowners Association v. DeYoung, supra,* the obligation to pay stems from a voluntary association with or membership in an organization with assumption of duties to comply with bylaws and regulations. From this consensual arrangement flows the power of a governing board to establish and collect necessary charges for the maintenance and upkeep of common grounds. We agree with plaintiff's argument that the arrangement contemplates proportional assessment of expenses on the general membership. If one member does not pay, those who fulfill their obligations should not be required to bear the onus of collection costs.

Allegations support a finding of a clear agreement by defendant to comply with plaintiff's rules and regulations. We think a reasonable implication of that agreement is that the board of directors was empowered to require delinquent members to pay reasonable[3] attorney's fees as costs of collection.

## ORDER OF COURT

And now, May 11, 1992, preliminary objections are overruled. Defendant shall have 20 days in which to file an answer.

---

3. It was conceded at oral agreement that 20 percent is not excessive given the amount of time required to collect and the relatively modest sums involved.